*241
 
 Battle, J.
 

 We are clearly of opinion that his Honor in the court below erred in ordering the cause “to be placed upon the trial docket for trial by jury.” The plaintiff in the
 
 recordari
 
 was not, under the circumstances, entitled to a trial by jury in court.
 

 At the inquisition taken before the justice, he entered a plea by which he traversed the force charged against him, and also the alleged title of the relators, and the verdict upon both points of his traverse was found against him. After such a finding, the only remedy open to him in that proceeding was to take the cas.e to the Superior Court by a writ of
 
 recordari,
 
 and object if he could that there was some “ misconduct or irregularity in the justice in receiving improper testimony, or refusing proper testimony, or otherwise.”
 
 State upon the relation of Sherrill
 
 v.
 
 Nations,
 
 1 Ire., 325. Here, the plaintiff in the
 
 recordari
 
 does not set forth in his petition any instance of misconduct or irregularity committed by the justice, but insists that the jury found a wrong verdict upon the evidence submitted to them; and that in truth he had the better title to the land, and was not guilty of the force complained of. His object in suing out the writ of
 
 recordari
 
 is manifestly to obtain a new trial in court of the issue which has been found against him. Upon this question the case of
 
 State
 
 v.
 
 Nations,
 
 above referred to, is directly in point. It is there said that “ if the defendant have notice and the traverse jury find the force, and the proceedings are regular, or if the defendant decline to traverse, he must restore the possession if the relator be tenant for years, or has a greater estate in the land. If the defendant have any title he must bring his action of ejectment, and obtain possession in a peaceable manner.” In the present case the proceedings before the justice were regular, and as the jury found that the relators had an estate in fee simple in the land from which they were forcibly ejected
 
 *242
 
 by the defendant, his writ of
 
 recordari
 
 ought to have been dismissed from the Superior Court, instead of being placed upon the trial docket.
 

 Per Curiam. Order reversed.